## CODDINGTON *v.* RICHARDSON.

*Norris* v. *Jackson* (9 Wallace, 125) and *Flanders* v. *Tweed* (Ib. 425), affirmed: and it is again decided that under the act of March 3d, 1865, authorizing parties to submit the issues of fact in civil cases to be tried and determined by the court, this court will not review a general finding, upon a mass of evidence brought up; and that if a party desires to have the finding reviewed, he must have the court find the facts specially, so that the case may come here as on a special verdict or case stated.

ERROR to the Circuit Court for the Southern District of Illinois; the case being thus:

By section 4 of the act of March 3d, 1865,* it is provided that parties may submit the issues of fact in civil cases to be tried and determined by the court, without the intervention of a jury. The act continues:

"The finding of the court upon the facts, which finding shall be general or special, shall have the same effect as the verdict of a jury. The rulings of the court in the progress of the trial when excepted to at the time, may be reversed by the Supreme Court of the United States upon a writ of error or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the sufficiency of the facts found to support the judgment."

With this enactment in force Richardson sued Coddington in the court below, in trover to recover damages for the conversion of certain horses and mules. The declaration contained two counts, the first for the conversion of the whole, and the second for the conversion of the undivided half of sixty-four horses and forty-five mules. By consent the case was tried by the court without the intervention of a jury, on the plea of the general issue and joinder.

The court found on the 5th July, 1866, " that the plaintiff was the owner of an undivided interest of one-half in forty-

---

* 13 Stat. at Large, 501.

eight mules and fifty-two horses, part of the property de-
scribed in the declaration, and that the defendant converted
the said interest to his own use, and thereupon assessed the
plaintiff's damages at $5000," and gave judgment accord-
ingly. The defendant moved for a new trial, which being
denied, he filed, with leave of the court, on the 30th of Jan-
uary, 1868, a bill of exceptions. The bill began:

"Be it remembered that upon the trial of this cause, by
agreement of the respective parties present in court, and their
attorneys, a jury was waived, and the cause was tried by the
court by stipulation in writing, *and all just and legal objections
and exceptions which might be made were reserved by each party;*
and plaintiff, in order to maintain the issue in his behalf, intro-
duced and read in evidence the depositions," &c.

After setting forth a great deal of evidence the bill ended
thus:

"This was all the evidence offered or introduced in the cause
by either of the parties, and the court thereupon found the issue
for the plaintiff, and assessed his damages at the sum of $5000.

"Whereupon the defendant moved the court for a new trial
upon the grounds following:

"1st. The finding and judgment of the court is erroneous.

"2d. The damages were erroneously computed.

"3d. The finding as to the damages was not warranted by the
evidence.

"Which motion the court overruled, and rendered judgment
upon the finding against the defendant; to which several find-
ings and rulings of the court, in *finding the issue for the plaintiff,
in assessing the damages for the plaintiff, and in overruling the mo-
tion for a new trial, and in rendering judgment for the plaintiff,* the
said defendant, by his counsel, severally excepted at the time of
such finding, overruling, and judgment respectively, and prays
that this his bill of exceptions may be signed and sealed by the
court, which is done."

*Mr. W. H. Lamon, for the plaintiff in error,* submitted the
case, with a brief, which endeavored to show that the evi-

dence as disclosed by the bill of exceptions, did not warrant a finding of the issue for the plaintiff, and assessment of damages as made; observing at the same time that though the matter was not put in a very technical form for review, it was a form not unusual in Illinois where the parties dispensed with a jury, and intended to bring up the whole question for review.

*Mr. Lyman Trumbull, contra,* argued that the case was disposed of by *Norris* v. *Jackson,** and by *Flanders* v. *Tweed;*† that there was no *special* finding such as the act of Congress required; that on such a record as was here brought up, there was nothing for the court to consider.

The declaration was in the usual form, all the proceedings appeared to be regular, and the finding of the facts by the Circuit Court, like the verdict of a jury, was conclusive here, and whether the fact was rightly decided or not according to the evidence, was not open to inquiry in this court.

Mr. Justice NELSON delivered the opinion of the court.

No exceptions were taken to the admission or rejection of evidence on the trial, nor any special statement of facts found by the court. The only statement after closing the evidence, is, " and the court thereupon found the issue for the plaintiff, and assessed his damages at the sum of $5000."

There is no question of law arising upon the pleadings or the trial. Those attempted to be raised refer to the evidence, as embodied in the record, but which, in a trial of the facts before the court, a jury being waived, we do not look into. We look into them only when found by the court.

JUDGMENT AFFIRMED.

---

* 9 Wallace, 125.　　　　　　　† Ib. 425.