77 U.S. 516
 19 L.Ed. 981
 10 Wall. 516
 CODDINGTON
v.
RICHARDSON.
 December Term, 1870
 
 ERROR to the Circuit Court for the Southern District of Illinois; the case being thus:
 By section 4 of the act of March 3d, 1865,[1] it is provided that parties may submit the issues of fact in civil cases to be tried and determined by the court, without the intervention of a jury. The act continues:
 'The finding of the court upon the facts, which finding shall be general or special, shall have the same effect as the verdict of a jury. The rulings of the court in the progress of the trial when excepted to at the time, may be reversed by the Supreme Court of the United States upon a writ of error or upon appeal, provided the rulings be duly presented by a bill of exceptions. When the finding is special, the review may also extend to the sufficiency of the facts found to support the judgment.'
 With this enactment in force Richardson sued Coddington in the court below, in trover to recover damages for the conversion of certain horses and mules. The declaration contained two counts, the first for the conversion of the whole, and the second for the conversion of the undivided half of sixty-four horses and forty-five mules. By consent the case was tried by the court without the intervention of a jury, on the plea of the general issue and joinder.
 The court found on the 5th July, 1866, 'that the plaintiff was the owner of an undivided interest of one-half in forty-eight mules and fifty-two horses, part of the property described in the declaration, and that the defendant converted the said interest to his own use, and thereupon assessed the plaintiff's damages at $5000,' and gave judgment accordingly. The defendant moved for a new trial, which being denied, he filed, with leave of the court, on the 30th of January, 1868, a bill of exceptions. The bill began:
 'Be it remembered that upon the trial of this cause, by agreement of the respective parties present in court, and their attorneys, a jury was waived, and the cause was tried by the court by stipulation in writing, and all just and legal objections and exceptions which might be made were reserved by each party; and plaintiff, in order to maintain the issue in his behalf, introduced and read in evidence the depositions,' &c.
 After setting forth a great deal of evidence the bill ended thus:
 'This was all the evidence offered or introduced in the cause by either of the parties, and the court thereupon found the issue for the plaintiff, and assessed his damages at the sum of $5000.
 'Whereupon the defendant moved the court for a new trial upon the grounds following:
 '1st. The finding and judgment of the court is erroneous.
 '2d. The damages were erroneously computed.
 '3d. The finding as to the damages was not warranted by the evidence.
 'Which motion the court overruled, and rendered judgment upon the finding against the defendant; to which several findings and rulings of the court, in finding the issue for the plaintiff, in assessing the damages for the plaintiff, and in overruling the motion for a new trial, and in rendering judgment for the plaintiff, the said defendant, by his counsel, severally excepted at the time of such finding, overruling, and judgment respectively, and prays that this his bill of exceptions may be signed and sealed by the court, which is done.'
 Mr. W. H. Lamon, for the plaintiff in error, submitted the case, with a brief, which endeavored to show that the evidence as disclosed by the bill of exceptions, did not warrant a finding of the issue for the plaintiff, and assessment of damages as made; observing at the same time that though the matter was not put in a very technical form for review, it was a form not unusual in Illinois where the parties dispensed with a jury, and intended to bring up the whole question for review.
 Mr. Lyman Trumbull, contra, argued that the case was disposed of by Norris v. Jackson,[2] and by Flanders v. Tweed;[3] that there was no special finding such as the act of Congress required; that on such a record as was here brought up, there was nothing for the court to consider.
 The declaration was in the usual form, all the proceedings appeared to be regular, and the finding of the facts by the Circuit Court, like the verdict of a jury, was conclusive here, and whether the fact was rightly decided or not according to the evidence, was not open to inquiry in this court.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 No exceptions were taken to the admission or rejection of evidence on the trial, nor any special statement of facts found by the court. The only statement after closing the evidence, is, 'and the court thereupon found the issue for the plaintiff, and assessed his damages at the sum of $5000.'
 
 
 2
 There is no question of law arising upon the pleadings or the trial. Those attempted to be raised refer to the evidence, as embodied in the record, but which, in a trial of the facts before the court, a jury being waived, we do not look into. We look into them only when found by the court.
 
 
 3
 JUDGMENT AFFIRMED.
 
 
 
 [1]
 13 Stat. at Large, 501.
 
 
 [2]
 9 Wallace, 125.
 
 
 [3]
 Ib. 425.