### HAUG v. GREAT NORTHERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 30, 1900.)

#### No. 1,285.

1. **JUDGMENTS—COLLATERAL ATTACK—REMOVAL OF CAUSES—JURISDICTION.**
   Where the record in a cause removed from a state court to the federal court fails to show the facts on which the jurisdiction rests,—as that plaintiff and defendant are citizens of different states,—the judgment therein cannot for such reason be collaterally attacked by one who is a party to the suit, though it may be reversed upon a direct proceeding for that purpose.

2. **SAME—DISMISSAL—GROUNDS—EFFECT OF ORDER—COLLATERAL ATTACK.**
   An order dismissing a cause, upon motion, on the ground that the complaint does not state facts sufficient to constitute a cause of action, is a final judgment, under the practice of North Dakota, and cannot be collaterally attacked, however erroneous it may be.

3. **SAME—ESTOPPEL.**
   Where an action is dismissed upon motion of defendant because the complaint fails to state facts sufficient to constitute a cause of action, plaintiff cannot afterwards maintain an action to enforce the same right, where the legal effect of the complaint in the two cases is identical, and all evidence going to the merits of the action which would have been competent under the one would likewise be competent under the other.

In Error to the Circuit Court of the United States for the District of North Dakota.

In February, 1895, Olea C. Haug, the plaintiff in error, brought an action in the district court of Traill county, N. D., against the Great Northern Railway Company, the defendant in error, to recover damages for the death of her husband, Jacob C. Haug, which it was alleged was occasioned by the wrongful acts and negligence of the defendant. This action was removed by the defendant into the circuit court of the United States for the district of North Dakota on the ground of diverse citizenship of the parties. In that court the defendant filed a general demurrer to the complaint, which was sustained. The plaintiff thereupon filed an amended complaint, and an amendment to the amended complaint, whereupon the defendant filed the following motion:

"Motion to Dismiss and for Judgment.

"Now comes the defendant, the Great Northern Railway Company, by its attorney, and moves the court above entitled to dismiss the plaintiff's amended complaint, and for judgment in favor of the defendant and against the plaintiff in accordance with the previous order of this court sustaining defendant's demurrer to plaintiff's original complaint. This motion is made upon said order of the court, and upon the plaintiff's amended complaint filed by leave of the court, and is predicated upon the following grounds, to wit: (1) That said amended complaint contains no allegation of jurisdictional facts, and does not show affirmatively that this court has jurisdiction to try and determine the same; (2) that said amended complaint does not state facts sufficient to constitute a cause of action. Wherefore defendant prays judgment accordingly."

This motion coming on for hearing on the 9th day of June, 1896, the court entered the following judgment thereon:

"This cause coming on to be heard on motion of the plaintiff for leave to amend his complaint herein, and no objection being made thereto, it is ordered that said motion be, and the same is hereby, granted; and the motion of the defendant that this cause be dismissed for the reason that the amended complaint, as now amended, fails to state facts sufficient to constitute a cause of action, coming on at this time to be heard (W. E. Dodge, Esq., appearing in support of said motion, and B. E. Ingwaldson, Esq., opposed thereto), after hearing the arguments of the respective counsel, and being advised in the premises, it is ordered that said motion to dismiss be, and the same hereby is, granted. Whereupon it is ordered and adjudged that this action be, and same hereby is, dismissed, and that the defendant have and recover of the plaintiff its costs herein, taxed and allowed at the sum of $————, and that the defendant have execution therefor.                    Wm. Lochren, Judge."

No further proceedings were ever had in that case, and the judgment therein rendered remains in full force and effect.

In January, 1897, Olea C. Haug, the plaintiff in error, brought the present action in the district court of Traill county, N. D., against the Great Northern Railway Company, for identically the same cause of action counted on in the previous action. The defendant demurred to the complaint. The demurrer was sustained. The plaintiff appealed from the judgment sustaining the demurrer to the supreme court of the state, which reversed the judgment on the demurrer, and directed the trial court to overrule the same. Haug v. Railway Co., 77 N. W. 97, 42 L. R. A. 664. Upon the return of the record into the trial court, the plaintiff filed an amended complaint, the same in substance and legal effect as the previous complaint. This cause was thereupon removed into the circuit court of the United States for the district of North Dakota upon the petition of the defendant. The defendant filed its answer in that court to the complaint and amended complaint, setting up in bar of the action the judgment of the circuit court of the United States on the demurrer and motion to dismiss in the first suit brought by the plaintiff, and which is above set out. The plaintiff filed a reply admitting the institution and prosecution of the action pleaded in bar in the answer, and that it was disposed of as shown by the record quoted, but averred that such record did not operate as a bar to the present suit, for two reasons: First, that the United States circuit court did not have jurisdiction of the case; and, second, that its judgment was "only an order, and not a final judgment, under the laws of the state of North Dakota." The defendant thereupon moved for judgment upon the pleadings, which motion was sustained, and final judgment rendered for the defendant, whereupon the plaintiff sued out this writ of error.

B. E. Ingwaldson, for plaintiff in error.

W. E. Dodge and Charles S. Albert, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The objection to the jurisdiction of the circuit court in the first case is grounded on the alleged fact that the petition for the removal of the cause did not disclose the requisite diverse citizenship of the parties to authorize its removal. Assuming this to be so, the validity of the judgment is not affected thereby. We have twice decided that, if the record fails to show the facts on which the jurisdiction rests (as, for instance, that the plaintiff and the defendant are citizens of different states, or, where the plaintiff sues as assignee, that his assignor might have maintained the suit), the judgment may be reversed for error upon a direct proceeding for that purpose, but it is not void, and cannot be collaterally attacked by one who is a party to the

suit in which it was rendered. Skirving v. Insurance Co., 19 U. S. App. 442, 8 C. C. A. 241, 59 Fed. 742; Rice v. Commission Co., 36 U. S. App. 266, 18 C. C. A. 15, 71 Fed. 151. And to the same effect is the later decision of the supreme court. Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463. The record shows no consent of parties to remand the case, as counsel for the plaintiff in error seems to suppose.

The order of the court in the first case, made on the defendant's motion for judgment on the pleadings, was, under the practice of North Dakota, a final judgment, and cannot be collaterally attacked, however erroneous it may be. A motion for judgment on the pleadings is in fact a demurrer, and if sustained by the court, and final judgment entered thereon, it has the same effect as if the demurrer to the complaint had been sustained, and final judgment entered in favor of the party demurring. Taylor v. Palmer, 31 Cal. 241; Cameron v. Railway Co. (N. D.) 77 N. W. 1016; 2 Black, Judgm. § 707; De Toro v. Robinson, 91 Cal. 371, 27 Pac. 671. When a final judgment is rendered for the defendant on a demurrer to the complaint, or to material pleadings in chief, the plaintiff can never maintain against the same defendant or his privies any similar or concurrent action for the same cause and upon the same grounds as were disclosed in the first complaint. Gould v. Railway Co., 91 U. S. 522, 23 L. Ed. 416; Bissell v. Spring Valley Tp., 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411. If a plaintiff fails on demurrer in his first action by reason of the omission of an essential allegation in his declaration, which is supplied in his second suit, the judgment in the first suit is no bar to the second, although the actions were instituted to enforce the same right, for the reason that the merits of the case as disclosed in the second complaint were not heard and decided in the first action. Gould v. Railway Co., supra. In this case there is no ground for the contention that the complaint in both cases did not set forth the same cause of action. There is no essential allegation omitted in the first complaint which is included in the second. There are slight variations in narrating immaterial or evidentiary facts, but the legal effect of the complaint of the two cases is identical. All evidence going to the merits of the action, competent under one, would have been competent under the other. It clearly appearing from an inspection of the pleadings and judgment in the first action that a final judgment has been rendered on the merits by a court of competent jurisdiction in a suit between these parties for the very same cause of action for which this suit is brought, the circuit court rightly rendered judgment for the defendant on the pleadings, and its judgment is affirmed.