## OLCOTT v. ENNIS-CALVERT COMPRESS CO.

### (Circuit Court of Appeals, Fifth Circuit. April 29, 1902.)

### No. 1,120.

APPEAL.—REVIEW—FINDINGS OF FACT BY TRIAL COURT.

Where, in an action brought in the circuit court, a jury was waived, and the court found a judgment against the plaintiff, and at the request of the parties filed therewith findings of fact, which stated that the facts were the same as those in a certain case, and the case cited contained no specific findings of ultimate facts, but the opinion gave a statement of the issues, a ruling as to the title of property involved, a recital of the contentions of the parties as to the facts claimed as proved, and other matters of fact intermingled with conclusions of law, the circuit court of appeals will not review the decision.

In Error to the Circuit Court of the United States for the Northern District of Texas.

On the 26th day of October, 1900, plaintiff in error brought this suit against the Ennis-Calvert Compress Company, a corporation organized under the laws of the state of Texas, in trespass to try title and for the possession of a certain tract of land, being town lot property situated in the city of Waco. The defendant, after demurring, filed its original answer, pleading not guilty and the statutes of limitations of three, five, and ten years. The case was tried before the court (a jury being waived in writing), and the court found a judgment against plaintiff in said cause and adjudged the title to said property to the defendant: and filed contemporaneously therewith, at the request of the parties, findings of fact and conclusions of law, as follows:

"(1) The court finds the facts in this case to be the same as those in the case of Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., decided by the court of civil appeals, and reported in 56 S. W. 367, to which reference may be made as part hereof.

"(2) I find that on the 11th day of June, 1877, the Houston & Texas Central Railway Company conveyed the property sued for to the Waco Produce Company, with the following language in said deed: 'Now, the separate and independent conditions of this quitclaim deed are as follows, to wit: In case the said Waco Produce Company shall, within six months from date hereof,—and time is declared to be the essence of the contract,—construct a cotton compress and the necessary sheds upon the said tract of land herein conveyed, then, and in that event, this instrument is to take effect. and not otherwise: provided, nevertheless, that in case said Waco Produce Company, or any person holding or claiming under it, shall at any time thereafter make use of the tract herein conveyed, or of any part thereof, for any purpose or purposes than that hereinbefore specified, or shall fail or neglect to keep and maintain its compress in good working condition, or shall in any way forfeit its charter, or shall become insolvent, that on the happening of any one of said several contingencies, or upon the failure as aforesaid of any one of them, that the title and possession of said tract herein conveyed shall in consequence and by force thereof, and without the necessity of a reconveyance, ipso facto revert to and invest in said Houston & Texas Central Railroad Company, its successors and assigns, and thereupon this instrument shall become null and void as against said railway company, but shall be in force as an estoppel of all claims to title or possession as against said grantee herein.'

"(3) I find through various links the title of said property finally passed to the defendant in this suit through those under whom it holds under the H. & T. C. Railway Co., and that the same was occupied continuously, practically, by a compress thereupon, until on or about the year 1892, when the Ennis-Calvert Compress Company abandoned said property, and from said date the grantor, or its successors or assigns, became entitled to enter or sue for said property on account of the breach of the conditions subsequent.

"(4) I find that on the 4th day of May, 1888, all of the properties of the Houston & Texas Central Railway Company, including this property, was ordered to be sold under decree of the United States circuit court sitting at Galveston, in the case of Nelson S. Easton et al. v. The Houston & Texas Central Railway Company et al., and that Charles Dillingham was appointed master commissioner to sell the property, and on the 8th day of September, 1888, he sold all of its properties to Frederic P. Olcott, who became the purchaser at said sale, which sale was duly confirmed; and on the 18th day of January, 1889, the said Charles Dillingham, master commissioner, under orders of the court, executed and delivered his deed to Frederic P. Olcott, in which deed the Houston & Texas Central Railway Company joins, and the property conveyed in said deed is described as follows, to wit: 'The property so conveyed includes the railroads of said company from Houston to Denison and from Hempstead to Austin, with the roadbeds, rights of way, buildings, and improvements of every kind and description connected with the said railroads, or any part thereof, and all their appurtenances, and also all rolling stock and equipments, materials, supplies, and personal property of every kind procured for or in any manner connected with said railroads, or used thereon, or any part thereof; also all the chartered rights, liberties, privileges, immunities and franchises of said railway company of every kind and description whatsoever appertaining to said railroads; also all the lands which have been received from the state of Texas for the construction of its said railways, not including the lands covered by the said first mortgage on the said Waco and Northwestern Division; and also all other lands, town lots, or blocks, and real estate or interests in real estate, of every kind and description to which said railway company has title, claim, or equitable ownership; and also all the tolls, earnings, freights, receipts, and moneys of every kind and description of said railway company from said railways, and all personal property, bonds, stocks, choses in action, assets, accounts, and claims of every kind of said railway company, appertaining to said railways, saving and reserving such portions of said lands as have been heretofore and prior to May 4, 1888, sold to other purchasers, but including all securities for unpaid consideration of said sales, the amount of such sales included in this deed being estimated to amount, exclusive of the lands pertaining to the railways themselves, to about four millions three hundred and forty thousand three hundred and thirty-nine acres, and including all property of whatever character, description,' etc. That on the 1st day of April, 1890, the said Frederic P. Olcott sold part of said property so purchased by him to the Houston & Texas Central Railroad Company, the present corporation, using the following language, to wit: 'The railways formerly of the Houston & Texas Central Railway Company from Houston to Denison and from Hempstead to Austin, with the roadbeds, rights of way, buildings, and improvements of every kind and description connected with the said railways, or any part thereof, and all their appurtenances; and also all rolling stock, and equipments, material, supplies, and personal property of every kind procured for or in any manner connected with said railways, or used thereon, or any part thereof; also all the chartered rights, liberties, privileges, immunities, and franchises of said railroad company of every kind and description whatsoever appertaining to said railways; and also all the tolls, earnings, freights, receipts, and moneys of every kind and description of said railway company from said railways, and all personal property, bonds, stocks, choses in action, assets, accounts, and claims of every kind of said railway company appertaining to said railways,—it being the intent and purpose of these presents that there shall be hereby granted and conveyed to the party of the second part (the railroad company) all the railways, properties, rights, privileges, and franchises purchased by and conveyed to the party of the first part (Frederic P. Olcott) under such decree of foreclosure, excepting only town lots which formerly belonged to the Houston & Texas Central Railway Company, and lands derived by said last-mentioned railway company from the state of Texas, and not forming part of the right of way, or being appurtenant to or used in connection with the operation of the railways hereinbefore described, and except the right, title, and interest at law or in equity formerly belonging to said Houston & Texas

Central Railway Company to the lands and town lots standing on the 18th day of January, 1889, or originally standing of record in the names of A. Groesbeck and others, trustees, in the counties of Bastrop, Brazos, Brown, Collin, Caldwell, Dallas, Ellis, Fayette, Freestone, Falls, Grayson, Gonzales, Johnson, Kaufman, Limestone, Lee, McLennan, Navarro, Robertson, Washington, and Wharton, all in the state of Texas.'

"Conclusions of Law.

"(1) I find, as a matter of law, that the Houston & Texas Central Railway Company, or its assignee, Frederic P. Olcott, had the right to re-enter and take possession of said property upon breach of the conditions subsequent, which said premises were abandoned for compress purposes in the year 1892.

"(2) I further find that by reason of the language in said deed from Frederic P. Olcott to the Houston & Texas Central Railroad Company, conveying all 'choses in action,' said Frederic P. Olcott conveyed to said Houston & Texas Central Railroad Company all his right, title, and interest in and to said land, and his right of re-entry on account of said conditions subsequent being broken.

"(3) I further find, by reason of the judgment in the suit of Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., supra, and affirmed by the court of civil appeals, that the defendant in this case is entitled to recover the land sued for herein.

"I therefore find for the defendant herein, and direct the judgment to be entered accordingly.

"Edward R. Meek, Judge."

On this writ the assignment of errors attacks all the conclusions of law as found by the trial judge.

T. D. Cobbs, for plaintiff in error.
L. W. Campbell, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). The first finding of fact is that the facts in this case are the same as in the case of Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., decided by the court of civil appeals, and reported in 56 S. W. 367, to which reference may be made. If we turn to the said reported case, we find an opinion of the court of civil appeals reviewing a trial and judgment in the district court of McLennan county, Tex., in a suit for trespass to try title, involving the property herein in controversy. There was no specific finding of facts in the district court of McLennan county, nor is there any such finding in the report of the case as determined in the court of civil appeals; but we find in the opinion of the court a statement of the issues between the parties, the compress company's title, and a ruling as to the divestiture of title depending upon a re-entry by the original grantor, a recital of the contentions of the parties as to the facts claimed and the facts proved, and many other matters of fact more or less intermingled with conclusions of law; but nowhere in the opinion do we find, without much analysis and examination, any clear-cut finding of fact,—ultimate fact. This is not a finding of fact that we are called upon, or ought to be called upon, to consider, even if the report of the case to which we are sent to find facts had been recited in the record. On the waiver of a jury in a civil case in the circuit court the finding of facts by the court is strictly analogous to a special verdict, and should state the ultimate facts of the case. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Coddington v.

Richardson, 10 Wall. 516, 19 L. Ed. 981; Town of Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862. To the same effect is Raimond v. Parish of Terrebonne, 132 U. S. 192, 10 Sup. Ct. 57, 33 L. Ed. 309, which seems to be a case in many respects similar to this, and the court said:

"In the present case the pleadings present issues of fact. There is no bill of exceptions. The so-called statement of facts is mainly a recapitulation of evidence introduced by the parties at the trial. The case was not submitted to the decision of the court upon that statement only, but the court made a further finding as to what took place at the trial. That finding merely states that the parties admitted that, so far as the facts were stated in a certain reported opinion of the supreme court of Louisiana, they were a correct statement of the facts of this case; but that each party claimed that there existed additional facts, as to which there is no finding. On referring to that opinion, such facts as are there stated appear to be scattered through it, intermingled with statements of conflicting evidence and with the court's conclusions of fact upon that evidence, as well as with its conclusions of law. State v. Police Jury of Terrebonne Parish, 30 La. Ann. 287. In short, there is nothing in the present case which can be called, in any legal or proper sense, either a statement of facts by the parties or a finding of facts by the court; and no question of law is presented in such a form as to authorize this court to consider it. Judgment affirmed."

In the present case there is a bill of exceptions that purports to recite a part of the evidence, to wit, the transfer, through foreclosure proceedings, from the Houston & Texas Central Railway Company to F. P. Olcott, and from F. P. Olcott to the Houston & Texas Central Railroad Company, all as recited above in the fourth finding of fact; and the bill concludes with the finding of facts and conclusions of law as above given, so that this bill of exceptions does not in any respect aid the first finding of fact. The third and last conclusion of law contains the trial judge's reason for judgment, and is based upon the judgment in the case of Houston & T. C. R. Co. v. Ennis-Calvert Compress Co., affirmed in the court of civil appeals, which is in the record only as referred to in the first finding of fact. This shows that the finding of facts, with the first eliminated, is partial and incomplete, and the case is in no condition for our review on the sole question involved; i. e., whether the facts proved and found warranted the judgment rendered.

The judgment of the circuit court is affirmed.