HOSLER et al. v. IRELAND et al.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4071.

1. DISMISSAL AND NONSUIT ⬥73—"MOTION TO DISMISS"—QUESTIONS CONSIDERED.

A "motion to dismiss" is in fact a demurrer to the complaint and reply, in the consideration of which the pleadings alone are involved.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 167, 168; Dec. Dig. ⬥73.

For other definitions, see Words and Phrases, First and Second Series, Motion to Dismiss.]

2. DISMISSAL AND NONSUIT ⬥58—GROUNDS—COMPLAINT—REPLY.

Where complaint was based on certain notes which on their face imported a joint obligation, but bore an indorsement of receipt from one of the makers of $200 recited to be in full payment of his share, an answer setting up such indorsement, and also a state statute providing that a release of one or more joint debtors is a payment on the indebtedness of the full proportionate share of such debtor or debtors and that the remaining debtors shall not be liable for more than their proportionate share of the indebtedness, with a reply alleging that the agent who made the indorsement had no authority to make it, raised a question of fact and hence a motion to dismiss was properly overruled.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. ⬥58.]

3. APPEAL AND ERROR ⬥219—FINDINGS—REVIEW.

Where there were no objections to evidence or request for findings of fact, a finding by a court sitting as a jury in favor of plaintiffs and assessing their damages at $3,786.55 could not be reviewed on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. ⬥219.]

4. RELEASE ⬥28—JOINT AND SEVERAL OBLIGATION—STATE STATUTE.

A state statute, providing that a release of one or more joint debtors is a payment on the indebtedness of the full proportionate share of such debtor or debtors, etc., presupposes a joint indebtedness afterwards made several, and has no application to a debt alleged to have been several in its inception.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 57–62; Dec. Dig. ⬥28.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Frank N. Ireland and another against B. B. Hosler and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

A. W. Arrington, of Pueblo, Colo., for plaintiffs in error.

Arthur Ponsford and Charles F. Carnine, both of Denver, Colo., for defendants in error.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. Plaintiffs in error were sued on two notes, both dated December 6, 1907, each for $1,800, payable to the order of Robert Burgess & Son, the first 14 months, and the second 2 years, after date, with interest at the rate of 8 per cent. per annum. The notes were signed by E. E. Hill, O. P. Adams, Allen Berry, Hosler Bros., W. M. Walker, J. F. Wormuth, H. Theo. Vashius, and John Richardson. They were assigned to defendants in error before maturity, and at the time of the assignment bore the indorsement hereinafter referred to. The notes were given for the purchase price of a stallion. All of the signers were sued except Hill and Walker. The answer sets up two defenses:

(1) That at the time of the purchase it was verbally agreed "that each of the purchasers should be responsible only for his proportionate share or interest in the horse so purchased," and that when any of the nine signers should pay the sum of $400 he should be released and discharged from all liability thereon; and that, prior to the assignment, the defendants were advised of this agreement.

(2) Failure of consideration.

There was no testimony tending to sustain the second defense, and it will not be further considered.

As a part of the first defense, the answer sets out the notes with the indorsements thereon. The indorsement appearing on each note and relied upon by plaintiffs in error as evidence that the indebtedness represented by the notes is several, and not joint, is as follows: "Rec'd from E. E. Hill two hundred dollars on within note in full payment of his one share." The reply of defendants in error disclaims knowledge of the making of the verbal agreement, and denies that they were advised of it at the time of the assignment of the notes. With regard to the indorsement, the reply states that:

"The plaintiffs admit that each of said notes bears the indorsements as alleged, but plaintiffs are informed and believe, and upon such information and belief allege, that none of said indorsements nor were any of them on either of said notes, made by Robert Burgess & Son, the payees, or by either of them, but that all and each of said indorsements were made by an agent of the payees, and that in making any indorsements on either or on both of said notes as and for in any manner, a release and discharge of or as a payment in full by any of the makers of or any maker of said notes or either of them, said agent was acting wholly beyond and in excess of and without his authority."

The plaintiffs in error before trial filed a motion to dismiss the "action" on the ground that the court had no jurisdiction of the amount involved in said cause; the pleadings showing, according to their contention, that the liability, if any, was several, and not joint, and that no one was liable for more than four hundred dollars of the principal sum. This motion was overruled. The case was submitted to the

court, sitting as a jury, upon the pleadings and testimony, and judgment was rendered for defendants in error. The specifications of error were that the court erred:

(1) In overruling the motion to dismiss made before trial.

(2) In holding the evidence sufficient to entitle plaintiffs to judgment.

(3) In overruling motion to dismiss at the close of the evidence.

[1] The first motion to dismiss was, in fact, a demurrer to the complaint and reply. Haug v. Great Northern Ry., 102 Fed. 74, 42 C. C. A. 167.

[2] In considering that motion the pleadings alone are involved. The note on its face was a joint obligation. The alleged verbal agreement was denied in the answer. The argument to sustain the first assignment of error is based on the indorsement and the statute of the state of Colorado modifying the common-law rule as to the effect of a release of a joint debtor. By that statute a release of one or more joint debtors is held to be a payment on the indebtedness of the full proportionate share of such debtor, or debtors, and further that none of the remaining debtors shall be liable for more than his proportionate share of the indebtedness. The reply alleged that the agent who made the indorsement had no authority to make it. That raised a question of fact. The first motion to dismiss was, therefore, properly overruled.

[3] The second specification of error goes to the sufficiency of the evidence to sustain the judgment. There were no objections to evidence, and therefore no exceptions to rulings thereon. Neither was there any request for findings of fact, either general or special. The only finding made by the court was as follows:

"And the court, after hearing the evidence produced and hearing the arguments of counsel, finds the issues here joined in favor of the plaintiffs and doth assess their damages at the sum of $3,786.55."

Such a finding by a court sitting as a jury cannot be reviewed. Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; British Queen Min. Co. v. Baker Silver Min. Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Lloyd v. McWilliams, 137 U. S. 576, 11 Sup. Ct. 173, 34 L. Ed. 788; Coddington v. Richardson, 10 Wall. 516, 19 L. Ed. 981; Corliss v. Pulaski, 116 Fed. 289, 53 C. C. A. 567; Packer v. Whittier, 91 Fed. 511, 33 C. C. A. 658.

The record does not disclose the ground on which the second motion to dismiss was based. The assignment of error contained two specifications on the overruling of this motion:

(1) Want of jurisdiction.

(2) Insufficiency of the evidence.

In considering the second motion to dismiss it was necessary to take into account the testimony. As in the first motion to dismiss, so in the second, the question of jurisdiction depended upon a controverted fact. The testimony as to that fact was conflicting. The finding of the court therefore upon that fact was conclusive, in the absence of objections to testimony upon which the finding was based. To the extent that the second motion is based on insufficiency of evidence the same rule applies as in the second specification of error, based on the same ground.

It is contended in the brief of plaintiffs in error that, in order to render effective the repudiation by defendants in error of the indorsement admitted by them to have been made by their agent, it was necessary to return, or offer to return, to Hill the sum of money paid by him.

[4] The answer does not set up the contract made at the time of the indorsement, but one made at the time of purchase. The answer does not plead a release of Hill, such as would, under the Colorado statute, change the indebtedness from joint to several, but alleges the debt to have been several at its inception. The statute presupposes a joint indebtedness afterwards made several. Under the pleadings and testimony the rule invoked is not applicable.

It follows that the judgment of the lower court must be affirmed, and it is so ordered.