## ANDREW JERGENS CO. v. BONDED PRODUCTS CORPORATION.

(District Court, E. D. New York. December 2, 1925.)

1. **Pleading ⬦343 — Motion by which it is sought to terminate action should present no material questions of fact.**

Where defendant has joined issue without first testing out necessity therefor, or where either party seeks to finally terminate action by motion, motion should present no material questions of fact to be litigated.

2. **Courts ⬦347—Motion to dismiss complaint and for judgment for defendant held to involve questions of fact, necessitating denial thereof.**

In suit to enjoin alleged unfair competition, motion to dismiss complaint and supplemental complaint and for judgment for defendant, made under equity rule 29 after filing of answer, held to involve questions of fact, necessitating its denial. Under state practice, though the Conformity Act (Rev. St. § 914; Comp. St. § 1537) does not apply to equity cases, the same result would be indicated.

3. **Courts ⬦347—Motion to dismiss and for judgment for defendant may be made after filing of answer.**

That motion to dismiss complaint and for judgment for defendant was made after filing of answer does not necessitate a denial thereof, in view of new equity rule 29.

4. **Trade-marks and trade-names and unfair competition ⬦73(1)—Want of exclusive right to trade-name or signature does not entitle another to indulge in unfair competition.**

That one merchant has not exclusive right to certain name or trade signature does not entitle another merchant, possibly enjoying such right, to deceive public into believing that its goods are the goods of the former, thus trading unfairly on possible investment and reputation of the former.

In Equity. Suit by the Andrew Jergens Company against the Bonded Products Corporation. On motion to dismiss, and for judgment for defendant. Motion denied.

Keyes Winter and John C. Pemberton, both of New York City (Edward S. Rogers, of Chicago, Ill., of counsel), for plaintiff.

A. P. Bachman, of New York City, for defendant.

INCH, District Judge. This is a motion for an order dismissing the complaint and supplemental complaint and directing judgment for defendant. It appears from the record that the complaint herein was duly filed on June 22, 1925, and defendant duly filed its answer on September 15, 1925. Later plaintiff obtained leave to file a supplemental complaint, and on November 6, 1925, such supplemental complaint was filed.

It is on these pleadings that defendant now makes its motion.

[1] Where a defendant has joined issue without first testing out the necessity for joining issue, or where either party seeks to finally terminate the matter by a mere motion, the motion should present no material questions of fact to be litigated. If the court cannot see in advance of the trial that no material questions of fact are presented, it should deny the motion. In any event, the summary disposal of an action, at issue, should be most sparingly made.

Plaintiff's complaint and supplemental complaint seeks in substance to restrain defendant from making and selling soap under the name "Woodbury," etc., and also from so dealing in any soap which by intentional and colorable imitation or otherwise is calculated to cause defendant's soap to be passed off for the plaintiff's. The defendant denies doing any such thing and in addition sets up several defenses. It will be seen, therefore, that plaintiff seeks to stop, not only what it alleges to be an illegal and improper use of the name "Woodbury," etc., but also what it alleges to be an unfair competition with it by defendant, based on intentional deception of the public.

At paragraph 3 the complaint alleges that "defendant since the fall of 1924 has made soap which is colored in imitation of plaintiff's product, and has placed the same in black and white wrappers, in close, deliberate, and intentional imitation of plaintiff's distinctive wrapper," and elsewhere in the complaint we find the charge that defendant is passing off upon and deceiving the public by its soap. In the supplemental bill plaintiff also claims "deceptive imitation of plaintiff's distinctive wrapper," and "that the public has been and is deceived into purchasing the defendant's soap, believing it to be the product of the plaintiff."

[2] Accordingly it would seem to me that this is a case for a trial, rather than one where the court, because of certain decisions of other courts relating to the rights of the parties in the name "Woodbury," can decide. The argument of defendant's counsel, as to the insufficiency of plaintiff's allegations of defendant's deception, should be considered in connection with defendant's filed answer thereto, and its failure to avail itself of the usual prior procedure, where a pleading is claimed to lack substance or definiteness.

[3] The plaintiff asserts that, because of the presence of the answer, the motion to dismiss must be denied on that ground alone. It seems to me, however, that in making this argument plaintiff overlooks the plain reading of the new equity rule 29, and certain cases construing it. Hopkins, New Federal Equity Rules (4th Ed.).

This rule and the new practice would seem to distinctly provide for the making of such a motion where an answer has been interposed. "Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court." Equity Rule 29. I presume, therefore, that defendant intends its argument to be that the sole case of the plaintiff, in other words, the principal case, as well as every other claim in plaintiff's bill, can be decided as questions of law, and thus raised by a motion. I refer to the case of Boyd v. New York R. Co. (D. C.) 220 F. 174 (1915), where Judge Hough (then District Judge) construes this rule 29. There a bill in equity had been filed, answers interposed, and a motion made, under the new practice and rule for judgment. Judge Hough says (at page 178):

"This case affords opportunity and imposes the necessity of considering at least two points, which are of importance to the scheme of procedure, and not merely in this litigation: (1) Where an answer asserts that the bill states no case, can any fact allegations of defendant's pleading be considered? (2) When defendants raise legal propositions going to less than complainant's whole case, what test can be suggested to guide the court in deciding whether to consider or decline the points in advance of final hearing? On the first point, it seems to me clear that, when defendant alleges that complainant shows no case at all, he cannot complain if the court considers any admission or allegation of the answer which explains or enlarges (but does not contradict) the bill of complaint. * * * On the second query, I am of the opinion that no legal point (going to less than the whole case) should be decided in advance of final hearing, unless such decision will add to or eliminate from the case a clearly defined and easily stated mass of testimony, the presence or absence of which will not change or affect the method of presenting the other aspects of the litigation."

Elsewhere in said opinion Judge Hough decides that the motion was in effect a demurrer generally to the whole bill. To be sure, in ordinary cases, and in the absence of an answer, the allegations of the complaint alone are involved, and all questions of fact should be resolved in favor of the

pleader. Where a motion is made to dismiss, with an answer interposed, it has been held that the pleadings alone, are involved. Hosler v. Ireland, 219 F. 489, at page 491, 135 C. C. A. 201. Yet even affidavits have been considered, where the question of jurisdiction is to be decided. Miller v. Minerals (D. C.) 275 F. 380. Also, while the Conformity Act (R. S. § 914 [Comp. St. § 1537]) does not apply to equity causes, yet a reference to the state Civil Practice Act relating to judgment on pleadings (section 476) and Rules of Civil Practice 106 and 107 indicate no different procedure.

But questions of fact, requiring a trial because of their materiality, should not be decided on affidavits and on motion. Accordingly, after careful consideration, it seems plain to me that this motion does not raise solely questions of law, which would be decisive of the case, nor does it raise a question which can be decided by this court in advance of a final hearing, by disposing of, in this manner, the possible principal case at issue.

[4] It does not follow that, because one merchant is shown not to have exclusive right to a certain name, or trade signature, another merchant, possibly enjoying such right also, can deceive the public into believing that its goods are the goods of the former, and thus trade unfairly on the possible investment and reputation of the former. Florence Mfg. Co. v. Dowd, 178 F. 73, 101 C. C. A. 565; E. Waterman v. Modern Pen Co. (D. C.) 193 F. 242; Nims on Unfair Competition, p. 3. In other words, I am unable to determine, in advance of trial, whether or not unfair competition might not be the "principal case," and, if so, the disposal of all other and incidental questions of law, however important, should be left to such trial.

The motion is denied. In the order to be entered herein, which should be settled on notice, provision should be made to preserve to plaintiff the time lost, by reason of this motion and decision, for taking depositions.