## ÆTNA LIFE INS. CO. v. BUNDSCHO.

(Circuit Court of Appeals, Seventh Circuit. April 7, 1926. Rehearing Denied May 17, 1926.)

No. 3639.

**1. Appeal and error ⟨⟨⟩⟩850(2).**

Where a jury trial is waived by written stipulation under Rev. St. § 649 (Comp. St. § 1587), trial court's general finding on facts cannot be reviewed on writ of error.

**2. Insurance ⟨⟨⟩⟩668(2).**

Whether insurance agent or broker who procured life insurance policies was insured's agent to accept delivery of policies *held* question of fact for trial court sitting without a jury.

**3. Insurance ⟨⟨⟩⟩100—Testimony of insurance broker who procured life policies, that insured told him after policies had been delivered to company's general agent for delivery to pay premiums and get policies, held competent on issue whether broker was insured's agent to accept delivery of policies.**

In action on life insurance policies, which had been delivered to company's general agent but not actually delivered to insured, testimony of insurance broker who procured policies, that insured told him after policies had been delivered to general agent to pay premiums and get policies, *held* competent on issue whether broker was insured's agent to accept delivery of policies.

**4. Insurance ⟨⟨⟩⟩665(2)—Evidence held to warrant finding that insured accepted counter offer of company respecting life insurance policies, and that there was therefore a meeting of the minds constituting complete contract.**

In action on life insurance policies which had been delivered to company's general agent but not to insured, evidence *held* sufficient to warrant finding that insured accepted counter offer of company, requiring insured to sign certain forms before delivery of policies, and that there was therefore a meeting of the minds constituting complete contract.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Hermina Bundscho against the Ætna Life Insurance Company. Judg-

ment for plaintiff, and defendant brings error. Affirmed.

Louis L. Dent, of Chicago, Ill., for plaintiff in error.

Wm. H. Haight, of Chicago, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is an action at law brought by defendant in error, wife of the insured, upon two insurance policies—one for $15,000, and one providing for the payment of $300 per month for a stated number of months. Both were payable to ·her upon the death of her husband.

The declaration ·is in two counts; the first count being based upon the first policy and the second count upon the installment policy. In substance, the·declaration alleges the application for and the issuance ·of the policies; that the policies were sent to the general agent of the plaintiff in error at Chicago, but were not actually delivered to the insured; that they were held by ·and not delivered by the agent, because, having been procured through one Jacob C. Punch, an insurance agent or broker doing business in Chicago, the insurance department of the state of Illinois had threatened to revoke the license of plaintiff in error to do business in the state of Illinois if it continued to do business with said Punch or accepted insurance procured by him, and that, by reason of said threat, plaintiff in error feared to turn over the policies to the insured or to Punch his agent; that the premium had not been paid, but the payment thereof had been waived; that in this situation the insured died; and that during his lifetime the insured performed all the terms, provisions, and conditions in the policies by him to be kept and performed; and that the defendant in error since his death had done likewise on her part.

To this declaration plaintiff in error pleaded the general issue "that it did not promise in manner and form as plaintiff complained against it." A stipulation in writing waiving a jury was filed, and the case was tried by the court without a jury. The finding was general, not special. The court found generally for the plaintiff and against the defendant, and assessed the plaintiff's damages at $24,973.72, and gave judgment accordingly.

Upon the trial, there was no dispute that the application was made and the policies issued and sent to the company's agent as

averred in the declaration. Upon the question as to why the policies were held by the agent and not delivered, there was conflict in the testimony, defendant in error insisting that it was for the reason alleged in her declaration, while plaintiff in error contended that it was because it had not yet received proof that the insurance applied for was not "twisted" insurance; that is, insurance to take the place of some already held by the insured. This bore upon the intention of the parties, and was material upon the question as to the meeting of minds. Upon the question of waiver, there was conflict in the evidence. On one side was the evidence of the offer to pay the premium, the refusal to accept it, and the refusal to deliver the policies, with the reasons given for these refusals. On the other side, there was a denial of some of these facts and testimony as to a different reason for not accepting the premium and not delivering the policies. The applications sent to the plaintiff in error were changed in some particulars, and these applications so changed, together with the policies, were returned to the agent at Chicago, with directions to have the insured sign certain forms before delivery of the policies. These were never signed. Plaintiff in error contends that this was a counter offer, that there was no acceptance of it by the insured, and consequently there was no meeting of minds such as is requisite to make a completed contract. The defendant in error introduced evidence tending to show acceptance by the insured of this counter offer.

[1] In this state of the record we are asked to review the evidence, to determine for ourselves what the facts are and to draw inferences different from those arrived at by the trial court. The statute authorizing the trial of civil cases by the court without a jury (section 649, Revised Statutes [Comp. St. § 1587]), provides "the finding of the court upon the facts which may be either general or special, shall have the same effect as the verdict of a jury." A further section of the act (Comp. St. § 1668) provides that, when an issue of fact is tried and determined by the court without the intervention of a jury according to section 649, "the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed * * * upon a writ of error * * * and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

The Supreme Court has considered these sections many times and it would serve no good purpose to review the cases here. It is enough to call attention to what that court said in Mercantile Mut. Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827, and quoted in the brief of defendant in error:

"Where a jury is waived, as therein provided, and the issues of fact are submitted to the court, the finding of the court may be either general or special, as in cases where an issue of fact is tried by a jury; but, where the finding is general, the parties are concluded by the determination of the court, except in cases where exceptions are taken to the rulings of the court in the progress of the trial. Such rulings, if duly presented by a bill of exceptions, may be reviewed here, even though the finding is general, but the finding of the court, if general, cannot be reviewed in this court by bill of exceptions or in any other manner. Miller v. Ins. Co., 12 Wall. 297 [20 L. Ed. 398]; Norris v. Jackson, 9 Wall. 125 [19 L. Ed. 608]; Coddington v. Richardson, 10 Wall. 516 [19 L. Ed. 981]."

In Norris v. Jackson, supra, the court, in speaking of this statute, said:

"The next thing to be observed is that, whether the finding be general or special, it shall have the same effect as the verdict of a jury; that is to say, it is conclusive as to the facts so found. In the case of a general verdict, which includes or may include, as it generally does, mixed questions of law and fact, it concludes both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law."

Under these and many other authorities we are without power to review the finding of the trial court.

[2-4] The first three assignments of error relate to the admission of evidence upon the trial. The only claim made upon these is point 2 of the brief of plaintiff in error. The proposition is there stated:

"The testimony of the witness Punch to his conversation with Bundscho (the insured), in which Bundscho told Punch to pay the premium and get the policies, was incompetent, and should have been excluded. Punch was not Bundscho's agent to accept delivery of the policies."

Whether Punch was Bundscho's agent in that behalf was a question of fact for the trial court, and we see no reason, and none is suggested, why Punch's statement that Bundscho told him to pay the premiums and get the policies was not competent evidence to show that fact. This conversation took place after the policies had been sent to the

agent, and 'while he was holding back the delivery of them. Punch testified that Bundscho was ready to accept the policies when assured as to certain matters, that he (Punch) assured him as to these, whereupon Bundscho told him to pay the premiums and get the policies. This was not only competent evidence, but it was sufficient upon which to base a finding that Bundscho had accepted the counter offer.

Affirmed.