## COVINGTON & REAVIS v. KELLY, use, &c.

1. When a trustee, appointed under a deed of trust for the benefit of creditors, has placed the choses in action, assigned to him, in the hands of an attorney for collection, and the latter is garnisheed by a creditor of the grantor in the trust deed, no judgment can be rendered against him until the trustee has been brought before the court, and the trust deed declared invalid in a contest between him and the attaching creditor.

WRIT of error to the County Court of Sumter.

This suit was commenced by process of garnishment, sued out after judgment, by Kelly (suing for the use of Hair) against one Christian and Covington & Reavis, requiring them to answer what they were indebted to Pollard (the defendant to Kelly's judgment) the surviving partner of a mercantile firm, composed of himself and one Carr.

After a judgment *ni. si.* and a *sci. fa.* against Christian, he appeared and answered that the firm of Pollard & Carr executed a deed of trust to him, conveying certain real and personal estate, as well as choses in action due that concern, upon certain trusts which, from the peculiar condition of the case in other respects, need not be stated. A considerable portion of these choses in action, were placed by the trustees in the hands of Covington & Reaves, as attornies, for collection.

Covington & Reavis, the other garnishees, did not answer jointly, but Reavis, one of them, answered that he had no effects

or monies in his hands belonging to the defendant in the judgment, nor was he indebted to him in any manner, at the time when the garnishment was served; that Christian (the other garnishee) in October, 1840, placed in the hands of himself and Covington, as attorneys, for collection, a large number of claims, purporting to be due to Pollard & Carr, for which claims a receipt was given by them to Christian, as one of the assignees of Pollard & Carr.— That as attorneys, they had received about $4,500 on said claims, and paid the same over to Christian; of the amount paid, $500 had been paid over since the service of the garnishment. He further answers, that with the exception of the effects held by Christian in trust, for the creditors of Pollard & Carr, he knew of none having effects of their's in hand.

It was agreed that this answer should be considered as filed at the return of the garnishment, and taken as the answer of Covington, and stand on the same ground as if made by him.

Upon these answers, an affidavit was filed by Hair, alleging that they were incorrect, and that the deed of trust therein mentioned, was null and void. He thereupon prayed that an issue should be made up to try the fact. All the garnishees, Covington & Reavis, as well as Christian, denied that the deed of trust mentioned in their several answers, was null and void. It was agreed that this issue, and the answers to the several causes, to apply to all the cases in which Pollard was defendant in attachment. And thereupon, the plaintiff voluntarily dismissed his proceeding as to the garnishee, Christian. The issue was then submitted to the court as a question of law, upon the face of the paper; and to sustain it, the plaintiff showed the deed of trust. The court held the deed to be fraudulent upon its face and void at law.

Covington & Reavis moved to be discharged, notwithstanding this judgment upon the effect of the deed, which the court refused.

They then moved to be discharged upon their answer, on the ground that the plaintiff had voluntarily dismissed his proceeding as to Christian. This was also refused, and the court then rendered a judgment against Covington & Reavis for $500, in favor of the plaintiffs.

The assignments of error question the regularity of this judgment, under the circumstances disclosed by the record, as well as upon the deed itself.

REAVIS, for the plaintiffs in error.

HAIR, *contra.*

GOLDTHWAITE, J.—This case is so entangled by connecting it with proceedings against other parties, that it is somewhat difficult to present a distinct understanding of the questions upon which our decision will turn.

Covington & Reavis and Christian, are jointly summoned as garnishees; but by their several answers, we ascertain that there is nothing like a joint liability to the debtor, whose effects are sought to be attached in their hands.

Covington & Reavis are liable immediately to Christian, upon their receipt, although that was given to him in his character of trustee, under the deed which is attacked as fraudulent; when, therefore, their answer disclosed this fact, Christian was shown to be the only proper party to litigate with the plaintiff, the questions arising upon the trust deed. It is not disputed, that as soon as the trust deed is out of the way, by reason of its being adjudged fraudulent, that any creditor of the grantors might attach the monies in the hands of the trustees; or even before, and afterwards await the judgment of the court upon that question. [Hazard v. Franklin, 2 Ala. Rep. 349.] Previous to the statute, which we shall presently consider, the legal effect of such a deed could be inquired into in a direct proceeding against a garnishee; and our impression is, that there would be no difference whether the garnishee was the trustee, or was one indebted to him in that character.

However the latter matter may be, it is certain that the trustee and those claiming under the deed would not have been, necessarily, concluded by a judgment against a garnishee answerable to them. It was, most probably, in regard to this difficulty that the act of 1840 was enacted. That provides, "that when a garnishee, in any case of judicial or original attachment, shall answer, that previous to the time of such answer, he or she shall have received notice of the assignment of the debt or property, in respect to which the garnishment issued, it shall not be lawful for the court to render judgment against the garnishee on the ground of the invalidity of the assignment of the debt or property; but the court before which the garnishment is pending, shall suspend the proceedings against the said garnishee, until the question is litigated,

as is provided for in the following section of the act." The other sections of the act provide for the manner in which the party who claims to have the interest in the debt or property shall be brought before it; and only permits a judgment to be rendered against the garnishee after the question of right is determined against him who claims to have it.

It is evident this statute is highly remedial, inasmuch as it relieves the garnishee from the liability to contest the same questions of law or of fact with the plaintiff in the garnishee proceeding, and, afterwards, with the person claiming the right; and, therefore, it ought to receive a liberal construction.

In this case, it is not pretended that the trustee has transferred the debt, but the garnishee is sought to be charged as having moneys in his hands which, in point of law, belong to the debtor, as whose effects it is sought to be attached. The answer shows that this debt has been transferred to another, or that such is the legal result if a particular deed is valid in law. In our opinion, this is within the spirit of the enactment, even if it is not within the very letter.

Let us, then, examine the agreement of the parties, to ascertain if a presumption can properly be drawn therefrom, that these garnishees intended to waive the protection of the statute, and take upon themselves the risk of being compelled again to litigate the same questions with the trustee.

It will be perceived that the plaintiff asserts not only that the deed of trust is null and void, but also, that the answer is incorrect; it was the latter part of this allegation which enabled him to have an issue made up with Covington & Reavis. Christian, the trustee, although before the court as a garnishee, was not before it in the character of a claimant of the debt due from Covington & Reavis; and no notice to him, under the statute, was ever issued. It is possible, if he had continued before the court, we might properly have inferred that he waived the notice required to be given by the statute, and was bound by the agreement. But, instead of this, he is voluntarily dismissed as one of the garnishees in the cause, and no proceedings are afterwards taken against him. Conceding that this dismission only affected him as a garnishee, it does not make the subsequent judgment against Covington & Reavis regular; for no judgment could be

rendered against them until the question of right to the money had been determined as between the plaintiff and Christian.

Our conclusion is, that the proceedings were so irregular that the judgment cannot be sustained. It must, therefore, be reversed, and the cause remanded, in order that the plaintiff may, if he chooses, proceed to bring the trustee, Christian, before the court, by notice, as the claimant of the debt alleged subject to be attached as the effects of the debtor by the judgment.

It will be seen that we have avoided all reference to the legal questions arising out of the deed of trust. This is not because we have any doubt upon them, but because the present parties are not competent to litigate them.

Judgment reversed, and cause remanded.