## EVANS v. NORMAN.—SUTHERLIN v. SAME.

1. When a transferee is summoned to contest with the plaintiff, the right to money in the hands of a garnishee, and fails to appear; or where the summons is returned not found, the court may cause the default to be entered of record, and proceed as if nothing was claimed by the supposed transfer; but cannot direct an issue to be made up between the plaintiff and him, and upon a verdict for the plaintiff, render a judgment for costs against the transferee.

2. When the garnishee by his answer, discloses, that there were two indorsees of the note, upon which he is garnisheed, it is not sufficient to cite the last indorsee; both should be summoned to contest the plaintiff's right, before a judgment can be rendered against the garnishee.

Error to the Circuit Court of Dallas.　Before the Hon. N. Cook.

THE plaintiff in error having a judgment against Peter Melton, sued out garnishee process against the defendant in error, who appeared and answered, stating, he received in the winter of 1843 for collection, several promissory notes made by one Hezekiah Bussey, payable to Peter Melton, indorsed by Peter Melton to W. J. Sorrell, and by him to J. V. Sutherlin; that he received the notes as the property of Sutherlin, sued the maker and obtained judgment, and collected $310,

which he yet retains. He also answered that he had been garnisheed in other cases, and prayed the court to discharge him.

The plaintiff resisted the discharge of the garnishee, and suggesting that the transfer of the note was invalid, prayed that a notice issue to said Sutherlin, to appear and contest the validity of the transfer, and that the cause be continued as to the garnishee, which motion was granted.

Two notices accordingly issued to Sutherlin, and were returned not found; and thereupon the court directed an issue to be made up, and submitted to a jury, who found by their verdict, that the transfer mentioned in the answer of the garnishee was invalid, and the court approving of the verdict, condemned a sufficiency of the money in the hands of the garnishee to discharge the plaintiff's judgment, together with his costs against Sutherlin.

This is now assigned as error.

G. R. EVANS, for plaintiff in error.

1. The act of February 5, 1840, applies by its terms, only to cases of garnishment, on original or judicial attachment. Clay's Dig. 63, § 39; see contra, McCain v. Wood, 4 Ala. 258. A statute which derogates from the common law will not be extended by construction.

2. The act referred to (Clay's Dig. sup. § 40) authorizes a contest only with the party to which the assignment or transfer is alledged to have been made. An issue to try the validity of a transfer can only be ordered where the garnishee in his answer admits an indebtedness to the defendant, but answers "that previous to the time of such answer, he or she has received notice of the transfer or assignment of the debt," &c. The alledged transfer must be the only obstacle to the plaintiff's condemnation of the money, and the office of the contest and issue is to remove that impediment to the plaintiff's rights. Fortune v. State Bank, 4 Ala. 385, and the cases there referred to; Thomas v. Hopper, 5 Ala. 442.

3. The answer denies all indebtedness to the defendant in execution at any time, and states no fact from which such indebtedness could be inferred. There was no ground for or-

dering a contest, and no transfer is stated in the answer which could be the subject of, or an issue of invalidity, could properly arise.

HUNTER, contra.

1. As to the jurisdiction, the matter is decided. McCain v. Wood, 4 Ala. R. 258.

2. The assignee not appearing to be a non-resident, two *non ests* made out the statutory service. Fortune v. State Bank, 4 Ala. R. 385; Sheppard v. Buford, 7 Ibid. 90; all cases under next head; Clay's Dig. 63, § 41.

3. If that be so, the assignee is to be considered as fully in court as if personally served, and having made no objection in the court below, cannot now, on error, object that no affidavit was filed. And most certainly the garnishee cannot now make this objection. It is doubtful whether he ever could have objected. Jackson v. Stanley, 2 Ala., Rep. 326; Calhoun v. Cozzens, 3 Ib. 21; Loomis v. Allen, 7 Ib. 706; Jones v. Pope, 6 Ib. 154; Frink v. King, 3 Scammon's R. 144; Campbell v. Whetstone, 3 Scam. R. 361.

4. But if they could raise the question as to the want of an affidavit, none was necessary. Clay's Dig. 63, § 39, 40; Graves v. Cooper, 8 Ala. R. 811. Even if the safer practice would be to require an affidavit, it would clearly be no error sufficient to reverse the case, to omit making the requisition.

5. If then, the proceedings were regular, or there was no irregularity which these parties can now review—there being no claimant of the money but Sutherlin, and the jury and court finding against his claim, and further finding the money subject to the garnishment—and the garnishee being present and making no objection—there can be no question but the judgment against the garnishee was proper. Fortune v. State Bank, 4 Ala. R. 385; Baker v. Moody, 1 Ala. R. 315; Goodwin v. Brook, 6 Ala. R. 836; Mann v. Buford, 3 Ibid. 312; Cunningham v. Kelly, 6 Id. 860; Payne v. Mayor of Mobile, 4 Id. 333; Blackman v. Smith, 8 Id. 203; Myatt v. Lockhart, 9 Id. 91; McGee v. McGee, 12 Id. 83; 1 Sup. Dig. 20, § 282; Frink v. King, 3 Scammon, 144, 361.

COLLIER, C. J.—The act of 1840, "to amend the law

in relation to garnishments," enacts, that "when a garnishee, in any case of judicial or original attachment, shall answer, that previous to the time of such answer, he or she has received notice of assignment or transfer of the debt or property, in respect to which the garnishment is issued, it shall not be lawful for the court to render judgment against the said garnishee, on the ground of the invalidity of the assignment or transfer of the debt or property; but the court before which the garnishment is pending, shall suspend proceedings against said garnishee until the question is litigated as provided for in the following sections of this act." It is enacted by the second section, that upon the coming in of the answer, if the plaintiff desires it, a notice shall issue to the alledged assignee or transferee to contest the validity of the transfer or assignment, "which notice shall be served at least five days before the matter shall be heard; and if the question shall be determined against the party claiming such debt or property so alledged to be transferred, then the court shall render judgment final against the garnishee, reserving to said garnishee his expenses, as is now provided by law; and also reserving to the said garnishee, and to all the parties contesting said question, the right of appeal or writ of error." *Further:* "if two notices shall issue to the party alledged to be the assignee or transferee of any such debt or property, and the same shall be returned "*not found,*" then the court before which said garnishment is pending, shall proceed to render such judgment as is right in the matter, having due regard to the laws regulating assignments, and judicial and original attachments." *Again:* "In case the transfer shall be found legal, the garnishee shall be discharged, and costs shall be rendered against the plaintiff; and if the claim is found against the claimant, the costs shall be given against said claimant." If the alledged assignee or transferee shall appear to be a non-resident, "then the court shall order publication for six months, before proceeding to consider the question litigated between the parties." Clay's Dig. 63, 64, § 39, 40, 41, 43, 45.

Previous enactments gave to judgment creditors the process of garnishment upon a return of "no property found,"

or on affidavit that the defendant has no property within the knowledge of the affiant in his possession, &c.; and the garnishee in such case shall be proceeded against, "in the same manner as required by law against garnishees in original attachments." Clay's Dig. 259, § 1 to 7. Under the influence of these provisions, it has been held that the proceedings contemplated by the act of 1840, extend to garnishees who are summoned as the supposed debtors of a defendant in a judgment. McCain v. Wood, 4 Ala. Rep. 258.

Now, although the act declares that if two notices to the assignee or transferee shall be returned "not found," the court "shall proceed to render such judgment as is right in the matter," it was not competent for the court *mero motu* to direct an issue to be made between the plaintiff and the assignee or transferee, and upon a verdict being found against the latter, to cause a judgment to be rendered against him for the cost. The statute provides that in rendering a judgment on such returns, "due regard" shall be had "to the laws regulating assignments, and judicial and original attachments." It must be left to the discretion of the assignee or transferee, even where he has had personal notice, whether he will contest the validity of the assignment, and if he refuses to come in and make up an issue upon the point, all that the court can do, is to cause his default to be entered of record, and proceed as if he claimed nothing under the assignment. Surely no greater power can be exercised by the court, where a notice has not been served. Whether the assignee will join in the issue, must be left to his volition, otherwise he might be burthened with costs, when he asserted no claim to the money or effects sought to be reached by the garnishment. The disclosure of his name by the garnishee, may prevent a judgment from being entered against him upon his answer, until the proceedings contemplated are had against the assignee, but is no evidence against the latter that he claims under the assignment.

Here the answer discloses the names of two indorsees, whose names appear on the note of which the defendant in attachment is the payee, and if they claim an interest under the several indorsements, and are assignees within the meaning of the statute, it was not only necessary to issue a notice

to the second, but to the first indorsee also.   Each is interested *prima facie,* to defeat an appropriation of the money in the garnishee's hands, to satisfy the plaintiff's judgment.

The act of 1840 is remedial, and beneficial in its provisions, and should not be literally interpreted, but should receive such a construction as will advance the intention of the legislature in expediting and definitively adjusting the rights of all parties in the matter in litigation.   We therefore think the previous decisions of this court sustain an interpretation so liberal, as to extend its provisions to the indorsees whose names are disclosed by the garnishee.   See Fortune v. The State Bank, 4 Ala. Rep. 385 ; Covington & Reavis v. Kelly, use, &c. 6 Ala. Rep. 860.

Assuming, then, that the verdict and judgment against the assignee concluded no question of law or fact arising upon the answer of the garnishee, and that the two returns of "not found," only authorized the plaintiff to proceed against the garnishee as if the assignee had refused to come in and assert a right to the money, and the question presents itself, whether a judgment should have been rendered in favor of the plaintiff upon the answer.   It would be a sufficient objection to the rendition of such a judgment, that the first indorsee was not brought before the court.   That garnishee does not admit that irrespective of the rights of Sutherlin, the money in his hands, is liable to satisfy the plaintiff's judgment.   He does not know how this may be, until other cases in which garnishments shall be served on him, shall be determined. It is not stated when these other garnishments were served, and the amount of money they seek to attach, but upon these points, the garnishee reserves to himself the right to amend his answer by a specific disclosure.   The failure to make such an amendment may authorize the inference that the plaintiff's garnishment was entitled to priority of satisfaction. If this be so, and both the indorsees had been brought in as the statute provides, and did not join in the litigation, we can discover no objection to rendering a judgment against the garnishee upon the implied admissions of the answer.

To conclude, the judgment against the garnishee cannot be sustained, because the first indorsee of the note collected by him was not brought before the circuit court as the statute

directs: and as the assignee to whom the notices issued did not appear and join in an issue, he could not be charged with costs. Consequently, the judgment against each of these parties is reversed, and the cause remanded.