ANDREWS *vs.* THE UNION BANK OF TENNESSEE.

1. It is erroneous to render judgment against a garnishee, on an answer admitting, that, being indebted to the defendant in attachment, he executed certain bills of exchange, payable at a future day, to a third person, which the defendant accepted in discharge of said indebtedness, and that he had never been notified of their transfer; the payee of the bills, though not technically a transferree, is within the spirit of the act of 1840, and should be brought before the court, if the plaintiff wishes to contest the actual ownership of the debt.

ERROR to the Circuit Court of Limestone.

Tried before the Hon. SAMUEL CHAPMAN.

The Union Bank of Tennessee obtained a judgment, in the Circuit Court of Limestone, against Nathaniel Hancock and Donald Campbell, on which process of garnishment issued, and the plaintiff in error was summoned as garnishee. He appeared, and answered, that, being indebted to said Hancock individually, and to Hancock & Campbell as partners, he made certain bills of exchange, payable at a future day to Clay Stinnett, which said Hancock received in discharge of said indebtedness; and that he had received no notice of their transfer or assignment.

Upon this answer, the court rendered judgment against the garnishee, for the amount of two of the bills of exchange, with a stay of execution until their maturity. The correctness of this judgment, is the only question presented by the assignment of errors.

RICHARDSON and WM. H. WALKER, for plaintiff in error.

NICOLSON, *contra.*

GOLDTHWAITE, J.—It is clear that the court erred in rendering judgment against the garnishee, as the answer shows that the legal interest in the debt was not in either of the defendants. The bills of exchange, which constituted the only debt admitted by the answer, were payable to Clay Stinnett; and he should have been brought before the court, before a judgment could properly be rendered, as the effect

of making the bills payable to a third person was, to vest the legal title to the debt in him. Covington v. Kelly, 6 Ala., 860; Goodwin v. Brooks, ib., 836; Moore v. Jones, 13 Ala., 296. Although not technically a transferree, he was within the spirit of the act of 1840, (Clay's Digest, 63,) and should have been proceeded against under that statute, if the plaintiff wished to contest the actual ownership of the debt.

The disposition of the case upon this point may be decisive of the case, and for that reason we decline to consider the other questions presented in the argument.

The judgment is reversed, and the cause remanded.