## RICE et al. v. ADLER–GOLDMAN COMMISSION CO.[1]

### (Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

### No. 644.

1. JUDGMENT—COLLATERAL ATTACK—JURISDICTIONAL AVERMENTS.
   A judgment rendered in a federal court cannot be collaterally attacked because the jurisdictional averment as to the citizenship of plaintiff was insufficient.

2. PREFERENCE BY DEBTOR—VALIDITY.
   In the absence of a bankrupt or insolvent law, a debtor may lawfully pay one creditor to the exclusion of the others, by consenting to a judgment in his favor; and the fact that the preference is accomplished quickly or secretly, in order to prevent interference, is immaterial.

3. INTERVENTION IN ATTACHMENT PROCEEDINGS—RIGHTS OF INTERVENER.
   Sand. & H. Dig. § 372, authorizing any persons, before the sale of attached property, or before payment to the plaintiff of the proceeds thereof, to dispute the validity of the attachment, or state a claim to the property, does not allow one so intervening to contest the grounds of the attachment, whether they are confessed or denied by the defendant in the attachment.

4. FOLLOWING STATE DECISION—ATTACHMENT LAWS.
   The decisions of the supreme court of the state construing and applying its attachment laws are rules of decision in the federal courts in like cases coming from that state.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

The defendant in error, the Adler-Goldman Commission Company, on the 13th of November, 1894, brought an action in the United States court for the Eastern district of Arkansas against J. Loewen on a promissory note for $4,735.83, and caused an attachment to issue in the action, which was levied on Loewen's property; and on the 11th day of December, 1894, judgment was rendered in the action, by default, for $5,126.28 and costs, and the attachment was sustained. On the 25th of January, 1895, the plaintiffs in error, Rice, Stix & Co., filed in the United States circuit court their petition of intervention; stating, in substance, that they had sued out a writ of attachment in a suit instituted by them in the state court against the same J. Loewen, which had been levied on the same stock of goods levied upon by the marshal at the suit of the defendant in error. The interveners asked to have the attachment in favor of the defendant in error set aside upon three grounds: (1) That the United States circuit court had no jurisdiction to render a judgment in the action brought against Loewen by the defendant in error, because the plaintiff therein was a foreign corporation, and had not complied with the laws of Arkansas to enable it to do business in that state; (2) that the jurisdictional averments in the complaint in the action were not sufficient, either as to the citizenship of the parties or the amount in controversy, to give the court jurisdiction; (3) that the attachment was sued out by agreement between the defendant in error and Loewen, and that the grounds of attachment set out in the affidavit upon which it was issued were not true. A demurrer was sustained to the second and third paragraphs of the intervening petition, and upon a trial the court found the issue of fact on the first paragraph against the plaintiffs in error, and dismissed their petition, and thereupon they sued out this writ of error.

Geo. H. Sanders, for plaintiffs in error.

U. M. Rose, W. E. Hemingway, and G. B. Rose, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

[1] Rehearing denied February 3, 1896.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The issue of fact arising upon the first paragraph of the intervening petition was tried by the court, and found against the petitioners. This finding is conclusive.

The demurrer to the second and third paragraphs was properly sustained. The complaint in the action brought by the defendant in error against Loewen shows the amount in controversy was over $5,000. Assuming, but not deciding, that the jurisdictional averment as to the citizenship of the defendant in error is technically insufficient, the validity of the judgment is not affected thereby. "If the record fails to show the facts on which the jurisdiction rests,— as, for instance, that the plaintiff and defendant are citizens of different states, or, where the plaintiff sues as assignee, that his assignor might have maintained the suit,—the judgment may be reversed for error upon a direct proceeding for that purpose, but it is not void, and cannot be attacked collaterally." Skirving v. Insurance Co., 8 C. C. A. 241, 59 Fed. 742, and cases cited.

There is no suggestion in the intervening petition that Loewen, the defendant in the attachment suit, did not owe the defendant in error the sum claimed in its complaint. Fraud and collusion cannot be predicated upon the fact that a debtor consented to a judgment for a debt which he honestly owed. Nor is it a fraud for a debtor to consent to a judgment in favor of one of his creditors, and deny that favor to all others. In the absence of a bankrupt or insolvent law, a debtor may lawfully pay or secure one creditor to the exclusion of all others. The preference may be given in many ways, but most commonly it is accomplished by paying the debt in money, or by the debtor's selling or mortgaging his property to his creditor, or by confessing a judgment in favor of his creditor, followed by execution and a levy upon the debtor's property. The validity of the preference is not affected by the fact that it was accomplished quickly or secretly in order to prevent the interference of other creditors.

In Arkansas it is not open to the interveners to contest the grounds of the attachment, whether they are confessed or denied by the defendant in the attachment. A statute of that state provides that:

"Any person may, before the sale of attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his, complaint, verified by oath, to the court, disputing the validity of the attachment or stating a claim to the property, or an interest or lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is founded, and his claim shall be investigated." Sand. & H. Dig. § 372.

Construing this statute, the supreme court of the state, speaking by Chief Justice Cockrill, say:

"The object of letting the second attacher into the suit of the first is declared in section 358, supra, to be to enable him to procure 'such order as may be necessary to protect his rights.' No new right is conferred upon him by the statute. but only a privilege granted of availing himself of the new and expeditious remedy provided for the protection of whatever right he may have acquired by suing out his attachment. It cannot with pro-

priety be contended that the intervener is let in for the purpose of defending the suit and disputing the grounds of attachment in lieu of the defendant, although that might be an efficacious method of invalidating the attachment. That would involve the practice in manifold difficulties, and even in legal absurdities, without any nearer approach to substantial justice. Such a practice prevailed at an early day in Massachusetts, under a statute expressly conferring upon the intervener the right to defend for the defendant, whether the latter desired it or not; but it was abolished a long time ago, after condemnation by the courts in severe terms. Baird v. Williams, 19 Pick. 381. The intention to entail like evils upon our practice cannot be found in any of the provisions of the statute, and it would require a clearly-expressed intention to induce us to conclude that such was the legislative design." Sannoner v. Jacobson, 47 Ark. 41, 14 S. W. 458.

The construction placed upon this statute by the supreme court of the state is binding on this court. "The decisions of the supreme court of the state construing and applying its attachment laws are rules of decision in this court in like cases coming from that state." People's Sav. Bank & Trust Co. v. Batchelder Egg-Case Co., 2 C. C. A. 126, 4 U. S. App. 603, 51 Fed. 130. It is needless, therefore, to inquire what the law upon the subject in other states may be. For an extended discussion and citation of authorities upon the subject, see Sannoner v. Jacobson, supra. The judgment of the circuit court is affirmed.