## MILLER v. SMITH. *

, (Circuit Court of Appeals, Eighth Circuit.
August 14, 1924.)

No. 6474.

**1. Attachment ⬄1—Is statutory remedy.**

Attachment is statutory remedy.

**2. Courts ⬄366(10)—Rights and liabilities of attaching creditor governed by state law as declared by state's highest court.**

In attachment, the rights and liabilities of attaching creditor are governed by state law as declared by state's highest court, in view of Rev. St. § 721 (Comp. St. § 1538).

**3. Attachment ⬄369—Failure to file affidavit prior to issuance of writ did not preclude maintenance of suit for wrongful attachment.**

Attaching creditor's failure to file affidavit prior to issuance of writ under Rev. St. Mo. 1919, §§ 1729, 1732, did not prevent maintenance of suit for wrongful attachment, where there was actual levy.

**4. Estoppel ⬄75—Creditor, who caused money due debtor to be placed to debtor's credit on bank's books, held estopped from claiming that no credit existed.**

Creditor, who by virtue of his official position with corporation and also with bank, caused dividend money due debtor from corporation to be placed to debtor's credit on bank's books, so that he might attach the credit, was estopped, in suit for wrongful attachment, from claiming that no such credit in fact existed.

**5. Attachment ⬄360—Rule as to liability of plaintiff for wrongful attachment stated.**

Where attachment was actually sued out, and actual levy was made on debtor's property, and attachment suit was dismissed, the attachment plaintiff became liable to the defendant for wrongful attachment.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Action by C. W. Smith against Frank E. Miller. Judgment for plaintiff, and defendant brings error. Affirmed.

W. J. Orr, of Springfield, Mo. (Nat W. Benton, of Springfield, Mo., on the brief), for plaintiff in error.

*Rehearing denied November 10, 1924.

C. Orrick Bishop, of St. Louis, Mo. (Wm. A. Kinnerk, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge. This is an action for damages for wrongful and malicious attachment. Briefly the facts leading up to the present suit, and appearing upon the trial without substantial dispute, are as follows:

. In September, 1919, Miller bought from Smith 109 shares of stock in the Bank of Greene County at Springfield, Mo. He also bought at the same time 100 shares from Smith's sons, and 35 shares from other parties, making 244 out of a total of 250 shares. Miller also purchased Smith's residence, paying therefor $15,000 in stock of the Frisco Building Realty Company, $10,000 of which was issued to Mrs. Smith and $5,000 to Mr. Smith. Miller became president of the bank. Smith moved to Arizona. In November, 1922, Miller sued Smith in the state court of Missouri to recover a portion of the purchase price of the bank stock on account of two alleged claims growing out of the transaction: First, Miller claimed that, in computing the bank's assets as a basis for the transaction, a certain Goodale note held by the bank was by agreement not to be included; that some time after the sale he found that it had been included, and that it was worthless. Second, Miller claimed that there was a liability of the bank by reason of the payment of a forged check amounting to $500, and that this liability was not disclosed to him by Smith, and not known by him until after he had purchased Smith's stock. In order to get jurisdiction in his suit, Miller proceeded by attachment, inasmuch as Smith was a nonresident. Miller was secretary and treasurer of the Frisco Building Realty Company, in which, as above stated, Smith had become a stockholder. The company declared certain dividends on its stock after Smith moved to Arizona. It kept an account, from which dividends were paid, in the Bank of Greene County, of which Miller was now president. The dividends payable to Smith and Mrs. Smith were not sent to them; but without their knowledge or consent Miller placed to the credit of Smith on the books of the bank the amount of such dividends, and made a corresponding charge against the account of the Frisco Company. The amount of the dividends thus placed to Smith's credit prior to the attachment was

$1,200. Miller had also placed on the account as charges against Smith the items of $181.64, balance unpaid on Goodale note, and $500, amount of the forged check. This deposit to the credit of Smith was attached by Miller for the purpose of giving the state court jurisdiction in his suit against Smith. The writ of attachment issued November 29, 1922. The garnishee summons was served on Miller as president of the bank, and the return of the sheriff was made accordingly, the same day. On December 1, 1922, the affidavit for attachment was filed and an order made for publication. When the case came on for trial in the state court, February 8, 1923, Smith was present ready for trial. Miller, however, took a voluntary nonsuit. In March, 1923, Smith commenced the present suit against Miller for wrongful and malicious attachment; $5,000 being asked as actual damages, and $5,000 as punitive damages. The trial was had in April, 1923.

In addition to the testimony covering the above-stated facts, Miller testified that before commencing the attachment suit he had consulted an attorney, and had told him the facts in regard to the Goodale note and the forged check, and that he commenced the attachment suit on the advice of the attorney. Smith also testified, denying that there was any agreement as to the Goodale note; also that he had refused, when president of the bank, to pay anything on the forged check, because in his opinion the bank was not liable. He related facts in regard to the matter which were uncontradicted, and which tended to support his position. There was also testimony on the question of damages sustained by Smith by reason of the attachment.

Motion for directed verdict was made by defendant, Miller, both at the close of plaintiff's case and at the close of all the evidence. The trial court denied the motion, and instructed the jury that, on the undisputed facts, plaintiff, Smith, was entitled to a verdict in some amount as actual damages. The question of punitive damages was left to the jury. The jury returned a verdict for Smith in the sum of $1,000 actual damages; no punitive damages being given. Writ of error has brought the case to this court.

The assignments of error, 11 in number, challenge the action of the court in denying the motion for a directed verdict for defendant; also in instructing the jury to return a verdict for plaintiff for actual damages in some amount. The challenges are based upon two propositions advanced by plaintiff

in error: (1) That there was no valid attachment issued. (2) That there was no actual levy under the attachment.

[1, 2] The remedy by attachment is statutory, and the rights and liabilities of the attaching creditor are governed by the state law as declared by the highest court of the state. R. S. U. S. § 721 (Comp. St. § 1538); Rice v. Adler Goldman Co., 71 Fed. 151, 18 C. C. A. 15; Bucki & Son Lbr. Co. v. Fid. & Dep. Co., 109 Fed. 393, 48 C. C. A. 436; Loewe v. Savings Bank of Danbury, 236 Fed. 444, 149 C. C. A. 496, L. R. A. 1917B, 938.

The statutes of Missouri relative to attachments read as follows:

"Any plaintiff wishing to sue by attachment may file in the clerk's office of the court in which the attachment is instituted, * * * a petition or other lawful statement or exhibit of his cause of action, and, * * * shall also file an affidavit and bond, and, thereupon, such plaintiff may sue out an original attachment, if in the circuit court, against the lands, tenements, goods, moneys, effects and credits of the defendant in whose hands so ever the same may be. * * * *" Section 1729, Revised Statutes Missouri 1919.

"The clerk shall judge of the sufficiency of the penalty and the security in the bond; if they be approved, he shall indorse his approval thereon, and the same, together with the affidavit and petition or other lawful statement of the cause of action, shall be filed before an attachment shall be issued." Section 1732, R. S. Mo. 1919.

Under these statutes it has been uniformly held that the filing of the affidavit is an indispensable prerequisite to the issuance of the writ of attachment. Bray v. McClury, 55 Mo. 128; Hargadine v. Van Horn, 72 Mo. 370; Norman v. Insurance Co., 237 Mo. 576, 141 S. W. 620; First Nat. Bank v. Griffith, 192 Mo. App. 443, 182 S. W. 805. But, though the writ of attachment may be declared void for lack of affidavit, it does not follow, nor does any one of the foregoing cases hold, that the attachment plaintiff may not be held liable for wrongful attachment, if there has been an actual levy on defendant's property. On the contrary, it is held that irregularities in the attachment proceeding are not available as a defense in an action for wrongful attachment. This rule applies to defect in or lack of affidavit. Norman v. Horn, 36 Mo. App. 419.

There must be an actual levy to support an action for wrongful attachment. State

ex rel. v. Binney, 127 Mo. App. 710, 106 S. W. 1114. But an action will lie where plaintiff's property has been interfered with and he has been compelled to go into court, even though the seizure is invalid. State ex rel. v. McCullough, 85 Mo. App. 68. "In an action on an attachment bond the obligors are not permitted to question the sufficiency of the sheriff's return of levy or the legality of the attachment writ, for if the writ has been actually levied, the party causing its issuance is not permitted to show that the process which he had sued out and 'set agoing' was not executed according to law." State ex rel. v. Goodhue, 74 Mo. App. 162; State ex rel. v. Cowell, 125 Mo. App. 348, 102 S. W. 573.

An action for wrongful attachment may be maintained on the bond, or independent of it, and without showing malice or want of probable cause. Actual damages only may be recovered. Talbott v. Plaster Co., 151 Mo. App. 538, 132 S. W. 15; Fry v. Estes, 52 Mo. App. 1. Punitive damages are recoverable only if the attachment is malicious and without probable cause. Reamer v. Morrison Express Co., 93 Mo. App. 501.

[3] In view of the foregoing authorities, we conclude that the failure to file the affidavit prior to the issuance of the writ of attachment did not prevent the maintenance of the suit for wrongful attachment.

As to the levy, it is contended that the Smith account, which Miller caused to be placed upon the books of the bank, showed no balance in favor of Smith, but, instead, a balance in favor of the bank. On its face the account showed a balance in favor of Smith, but it is said that at least one-half of the dividends entered on the credit side of the account belonged in fact to Mrs. Smith, and that, when this correction was made, the balance stood in favor of the bank. The answer to this contention is that, if the account is to be corrected and restated to conform to the facts disclosed by the record, then the item of $500 charged against Smith on account of the forged check had no place in the account; for no claim for such item existed, either on behalf of the bank or Miller, and the trial court rightly so held as a matter of law. Whether, therefore, we consider the entries on the books of the bank, or the actual facts behind the face of the account, Smith had a credit in the bank's hands which was attachable.

[4] It is contended, further, that Smith did not authorize the entries on the books of the bank to his account, and therefore that any credit belonging to Smith in the hands of the bank, being unauthorized, could not be made the subject of levy. This contention is without merit. Miller, by virtue of his official position, with the Frisco Company on the one hand and with the bank on the other, transformed the dividend money, due from the company to Smith, into a credit in favor of Smith on the bank's books. He did this for his own purpose, that he might attach the credit in his suit against Smith. On the plainest principles of estoppel, he cannot now claim that no such credit in fact existed in the bank's hands.

[5] We conclude that there was an actual levy under the attachment, on property belonging to Smith. An attachment having been actually sued out, and an actual levy having been made on defendant's property, and the attachment suit having been dismissed, the attachment plaintiff became liable to the defendant for wrongful attachment, and the court properly so instructed the jury.

If any of the assignments of error relied upon have not been specifically discussed or passed upon, the omission may be attributed to the failure of counsel to conform in their brief to the provisions of paragraph 2, subdivision second, and of paragraph 4, of rule 24 of this court.

Judgment affirmed.