M. A. SMITH, Liquidator, Citizens Bank & Trust Company, v. WILLIAM HUNTER, as Executor of the Last Will and Testament of Jennie C. Stowell, deceased, and FAITH H. STOWELL.

155 So. 805.
Opinion Filed July 7, 1934.

*C. H. Martin,* for Appellant;

*W. C. Brooker* and *Gunby Gibbons,* for Appellees.

BUFORD, J.—Appellant filed bill of complaint in a suit in which he sought to obtain a decree holding void and of no effect an order confirming a master's sale of property sold under decree of foreclosure in a suit by an executor against a debtor of the testator's estate and who was also a residuary legatee under the will, and to cancel a deficiency decree entered in the same suit on the grounds that the foreclosure suit was the result of fraud and collusion between the executor and the debtor and that the deficiency decree was the result of fraud and collusion between the debtor and the executor for the purpose of acquiring a first lien upon any property which was owned or might be thereafter acquired by the debtor.

Complainant alleged that he was a creditor of the mortgage debtor.

Motion to dismiss the bill of complaint for want of equity was made and granted with leave to amend.

Amended bill of complaint was filed, as was a motion to dismiss the bill of complaint on like grounds as those addressed to the original bill of complaint. The motion was granted and the complainant appealed.

The purpose of the bill of complaint was to attack orders and judgments of a court of general jurisdiction by a collateral proceeding on the ground of *fraud.*

Allegations that no legal judgment has been rendered, and charging fraud without stating facts evidencing fraud, are mere conclusions of law and are demurrable. Sammis v. Wightman, 31 Fla. 10, 12 Sou. 526.

There is no intimation in the allegations of the bill of complaint that the mortgage was not given in good faith to secure a debt from mortgagor to mortgagee.

There are no sufficient allegations of fact evidencing fraud. The allegations constitute conclusions of law. This is not sufficient to gain relief in a court of equity. Freeman on Judgments, 5th Ed., Vol. 1, page 665.

It is not alleged that the deficiency decree was procured and allowed between the parties for the purpose and with the intent to hinder, delay or defraud creditors or the appellant. Neither are equivalent allegations used. See Sec. 3864 R. G. S., 5771, C. G. L.

At most the allegations of the bill of complaint (either original or amended) show that a mortgagor who was otherwise indebted, and an executor, who was holder of the mortgage, proceeded to an amicable foreclosure of the mortgage and the entry of decree with the result that a decree was entered which gave the executor, who was a *bona fide* creditor to the extent of the amount of the debt secured by the mortgage, a legal advantage over other creditors. The executor only enforced his rights. This did not constitute fraud. See Rice v. Adler-Goldman Com. Co., 71 Fed. 151, and Dickerman v. Northern Trust Co., 176 U. S. 181, 44 Law Ed. 423; Holdbrook and Archer, Assignees, v. Allen, 4 Fla. 87; Jackson v. Citizens Bank & Trust Co., 53 Fla. 265, 44 Sou. 516.

The orders appealed from should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.